10-1398-pr
*Whitfield v. O'Connell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand ten.

PRESENT:   AMALYA L. KEARSE
           JOSEPH M. McLAUGHLIN
           DEBRA ANN LIVINGSTON,
                    *Circuit Judges*.

---

JOHN WHITFIELD,
           *Plaintiff-Appellant*,

-v.-                                No. 10-1398-pr

DAVID O'CONNELL, *et al.*,
           *Defendants-Appellees*.

---

John Whitfield, *pro se*, Woodbourne, N.Y.

David Lawrence III, Assistant Solicitor General (Michael S. Belohlavek, Senior Counsel, and Barbara D. Underwood, Solicitor General, *on the brief*), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, N.Y., *for State Defendants-Appellees*.

Rachel H. Poritz, Silverson Pareres & Lombardi LLP, New York, N.Y., *for Defendants-Appellees Robert L. Rush, Bio-Reference Laboratories s/h/a Medilabs Laboratory, and John/Jane Does Medilabs Technologists*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant John Whitfield ("Whitfield"), *pro se* and incarcerated, appeals from a judgment of the United States District Court of the Southern District of New York (Pauley, *J.*) granting Defendants-Appellees' Fed. R. Civ. P. 12(b)(6) motions to dismiss his 42 U.S.C. § 1983 complaint, which alleged that the New York Department of Correctional Services ("DOCS"), numerous DOCS employees, and Bio-Reference/Medilabs Technologists and its employees were deliberately indifferent to his medical needs in violation of the Eighth Amendment; that certain DOCS officers retaliated against him; and that all of the Defendants conspired to violate his constitutional rights. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The crux of Whitfield's claims was that Defendants failed to provide him with necessary medical treatment from 1988 to 2008. He alleged that in 2008, he obtained his medical records for this period, and based on his own analysis of those records, concluded that he suffered from a chronic urinary tract infection. Thus, because he was not treated for this infection until 2008, he maintained that the Defendants either failed to properly diagnose this condition, or did diagnosis it, but intentionally deprived him of necessary medical care. In the proceedings below, the district court held that Whitfield's claims based on events occurring prior to September 2005 were time-barred, and, as to his remaining claims, he failed to allege cognizable constitutional violations. For purposes of decision, we assume, but do not decide, that all of Whitfield's claims are timely, but conclude nonetheless that the district court properly dismissed all of his claims.

This Court "review[s] *de novo* a district court's dismissal of a complaint pursuant to Rule

12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although we accept as true all factual allegations in a complaint, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

To substantiate an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan,* 511 U.S. 825, 834-35 (1994). This analysis comprises both objective and subjective components. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Id.* (internal quotation marks omitted). "Subjectively, the charged official must act with a sufficiently culpable state of mind"; *i.e.*, "something more than mere negligence," and akin to criminal recklessness. *Id.* Accordingly, not every claim of inadequate medical treatment made by a prisoner states a violation of the Eighth Amendment. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Indeed, we have held that disagreement with the *type* of medical care provided is insufficient to state a constitutional claim; rather, "[t]he essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *see also Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (noting that "[i]t

3

is well-established that mere disagreement over the proper treatment does not create a constitutional claim," and "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation").

Our review of the record shows that, as a matter of law, Whitfield failed to state cognizable claims of deliberate indifference. The majority of Whitfield's claims are based on no more than a disagreement between him and the Defendants as to whether his urinary analysis reports demonstrated that he suffered from a bacterial infection. Whitfield, who is not a licensed physician, believes without any supporting evidence in the record that his medical reports from 1988 to 2008 "conclusively established" that he suffered from an ongoing urinary tract infection during this time period, and asserts that the Defendants were deliberately indifferent to his medical needs by failing to diagnose and treat this condition. Relying on these same reports, however, the Defendants—licensed medical professionals and laboratory technicians—concluded that Whitfield was not suffering from an infection, and, when reports suggested the presence of infection at a later time, the Defendants identified an infection and prescribed Whitfield antibiotics. Based on these allegations, Whitfield's claims are not actionable.

Nevertheless, even assuming that Whitfield's earlier laboratory reports suggested that he might be suffering from a urinary tract infection, any failure on the part of the Defendants to properly diagnose this condition would not constitute deliberate indifference, but rather, at worst, medical malpractice. We need not accept Whitfield's conclusory assertion that the Defendants must have deliberately failed to diagnose his infection, since the only allegations supporting this conclusion were Whitfield's lay analyses of his medical reports, which, as already noted, the Defendants concluded did not suggest an ongoing infection.

Additionally, Whitfield failed to allege sufficient facts to present a plausible claim that Dr. Lancellotti violated his Eighth Amendment rights incident to the November 2008 wart removal surgery, since it is doubtful that this medical procedure was sufficiently serious to implicate the Eighth Amendment, and regardless, no non-conclusory allegations suggest that Lancellotti acted with a sufficiently culpable state of mind. *See Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (stating that to be sufficiently serious, the alleged deprivation must create a condition of urgency that could produce "death, degeneration, or extreme pain"). Finally, we conclude that the district court correctly dismissed Whitfield's retaliation and conspiracy claims, since he failed to state a substantive § 1983 claim, and his amended complaint confirms that he was in no way "chilled" from exercising his First Amendment rights. *See Young v. Cnty. of Fulton*, 160 F.3d 899, 904 (2d Cir. 1998) ("[Where] [t]here was no deprivation of a federal constitutional right . . . there can be no civil rights conspiracy to deprive that right."); *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998) (holding that, in order to prevail on a retaliation claim, an inmate must show, *inter alia*, that the defendants' actions effectively chilled his exercise of his rights).

We have considered all of Whitfield's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5